UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Luckey Farmers, Inc.,                                      Case No. 3:23-cv-926

                 Plaintiff,

v.                                                    ORDER

Christopher Histed, et al.,

                 Defendants.

On May 11, 2023, Third-Party Plaintiffs Histed Farms, LLC and Christopher Histed filed their Third-Party Complaint against Third-Party Defendants Agrivisor LLC, Larry Kahle, and Ida Farms Cooperative Company.  (Doc. No. 5).  At this juncture, two issues exist with this Complaint.

The first issue is a matter of service.  Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Ninety days have elapsed since the filing of the Third-Party Complaint, and there is no indication on the docket that Third-Party Plaintiffs have perfected service on Kahle.  By September 15, 2023, Third-Party Plaintiffs shall either show service has been perfected on Kahle or show cause for the failure to do so.  If they fail to make such a showing, their claims against Kahle will be dismissed without prejudice under Rule 4(m).

The second issue is the possibility of an Amended Third-Party Complaint.  Ida has moved for an extension of time to answer or otherwise respond to the current Third-Party Complaint

because Third-Party Plaintiffs' counsel has "notified the parties that he intends to amend his complaint." (Doc. No. 25 at 3). Based on this representation, I find an extension of Ida's response deadline appropriate. But to be clear, in granting Ida's motion, I do not grant Third-Party Plaintiffs leave to amend the Third-Party Complaint as it relates to Agrivisor, LLC, who responded to the Third-Party Complaint more than 21 days ago by filing a Rule 12(b)(6) motion to dismiss. (Doc. No. 21). Should Third-Party Plaintiffs intend to amend the Third-Party Complaint in such a manner, they must first receive written consent of Agrivisor, LLC or leave of court. *See* Fed. R. Civ. P. 15(a); *Jackson v. WCM Mortg. Corp.*, No. 2:12-cv-02914-JPM-cgc, 2013 WL 3967110, at *3-*5 (W.D. Tenn. July 31, 2013).

With that, I order that by September 8, 2023, Third-Party Plaintiffs shall either file: (1) a First Amended Third-Party Complaint with amendments only as to Kahle and Ida; (2) a First Amended Third-Party Complaint with written consent of Agrivisor LLC attached as an exhibit; or (3) a motion to amend with a Proposed First Amended Third-Party Complaint attached as an exhibit. Thereafter, the parties shall follow the applicable responsive pleading or briefing deadlines set forth in Federal Rule of Civil Procedure 15(a)(3) or Local Rule 7.1. If Third Party Plaintiffs choose not to amend, Ida shall respond to the Third-Party Complaint on or before September 22, 2023.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge