UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Luckey Farmers, Inc.,                                     Case No. 3:23-cv-926

           Plaintiff,

v.                                                            ORDER

Christopher Histed, et al.,

           Defendants.

On April 4, 2023, Plaintiff Luckey Farmers, Inc. filed this action in the Sandusky County, Ohio Court of Common Pleas. (Doc. No. 1-1). Defendants Christopher Histed, doing business as K&H Farms, and Histed Farms LLC (collectively, the "Histeds") removed the case on May 5, 2023, (Doc. No. 1), and then filed their responsive pleading on May 11, 2023. (Doc. No. 5). Within this pleading, the Histeds answered the Complaint, but also asserted counterclaims against Luckey and third-party claims against Ida Farms Cooperative Company. Specifically, the Histeds brought claims against Luckey and Ida for: (1) violations of the Commodities Exchange Act ("CEA") (Counts I, II, and III); (2) recission under the Michigan Uniform Commercial Code (Count IV); (3) unjust enrichment (Count V); (4) negligence (Count VI); (5) fraud and fraud in inducement (Count VII); and (6) breach of contract (Count VIII).[1]

---

[1] The Histeds also asserted these claims against AgriVisor LLC and Larry Kahle. AgriVisor LLC has now been dismissed from this action. (Doc. No. 33). The Histeds have filed an application for the Clerk to enter default against Kahle. (Doc. No. 38). While it appears that an entry of default may be appropriate, (*see* Doc. No. 28), I remind the Histeds that a party seeking default judgment must at least identify allegations in the complaint that sufficiently state a claim for relief and offer some development of legal arguments. *See, e.g., Grover v. BMW of N. Am., LLC*, 581 F. Supp. 3d 930, 950 (N.D. Ohio 2022) ("[T]he Court 'is in the business of resolving the legal arguments presented to it,

This was not the first time Christopher Histed, doing business as K&H Farms, asserted these exact claims. Instead, nearly a week earlier, he joined as a Plaintiff[2] to an original action in the United States District Court for the Eastern District of Michigan and asserted these same eight counts against Luckey and Ida. (*See Dzurka Bros., LLC v. Luckey Farmers, Inc.*, No. 1:23-cv-11038, Doc. No. 1 (E.D. Mich. May 3, 2023)).

Though filed by different counsel than counsel representing the Histeds in this action, the Eastern District of Michigan Complaint contains identical material allegations and claims as those asserted here. In fact, the majority of the paragraphs supporting and stating these same claims appear to be verbatim from the Eastern District of Michigan Complaint.[3] (*Compare* Doc. No. 5 at 7-54 *with Dzurka*, No. 1:23-cv-11038, Doc. No. 1).

In response to these practically identical pleadings, Luckey and Ida each filed substantively identical motions to dismiss in each action seeking dismissal of all claims. (*See* Doc. No. 12 (Luckey) and Doc. No. 32 (Ida); *see also Dzurka*, No. 1:23-cv-11038, Doc. No. 13 (Luckey) and 19 (Ida)).

On January 24, 2024, United States District Judge Thomas L. Ludington issued a forty-one-page opinion granting both Luckey and Ida's motions to dismiss and dismissing all eight Counts on

---

not in creating a party's inferred argument for him and then passing judgment on it.'") (quoting *Lyon v. Yellow Transp., Inc.*, No. 2:08-cv-464, 2009 WL 1604807, at *15 (S.D. Ohio June 8, 2009), *aff'd* 379 F. App'x 452 (6th Cir. 2010)). Because the claims against Kahle appear to be based on his capacity as an agent of Luckey, any motion for default judgment must show why the claims against him may proceed when the claims against Luckey are dismissed.

[2] Other Plaintiffs to this action were: Dzurka Bros., LLC; Joseph Eickholt; Veronica Eickholt; Fergus Farms, LLC; R & L Farm and Freight, LLC; Maple Row Farms, LLC; Timothy Vergote; Douglas Wilkin; and Linda Wilkin.

[3] On September 8, 2023, the Histeds filed an Amended Third-Party Complaint against only Ida. (Doc. No. 29). While this amended pleading added facts, the claims remained the same. (*Compare* Doc. No. 29 at 4-15 *with Dzurka*, No. 1:23-cv-11038, Doc. No. 1 at 38-48). Because the Histeds could have sought to amend those earlier brought claims in the Eastern District of Michigan Complaint to add these allegations, these new allegations do not save the claims here from the effect of claim preclusion.

the merits with prejudice. *See Dzurka Bros., LLC v. Luckey Farmers, Inc.*, No. 1:23-cv-11038, 2024 WL 268140 (E.D. Mich. Jan. 24, 2024).[4]

The next day, on January 25, 2024, Luckey and Ida jointly filed a Notice of Additional Authority, attaching Judge Ludington's Opinion and advising that it "may have precedential value on the Motions to Dismiss filed in this matter, and it appears Histed may have a *res judicata* issue in the present case with respect to his Counterclaims and Third-Party Complaint." (Doc. No. 37 at 2). The Histeds have filed nothing in response to this Notice, but Christopher Histed did file a Notice of Appeal in the Eastern District of Michigan case on February 22, 2024. *See Dzurka*, No. 1:23-cv-11038, Doc. No. 27.

*Res judicata* or claim preclusion "generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). The doctrine "mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).

Here, even a layperson could see that the claims brought in the Eastern District of Michigan on May 3, 2023, are "the very same claims" as those later brought here. Judge Ludington's January 24, 2024 Opinion and Order dismissing all eight Counts with prejudice was a final judgment on the merits. From Christopher Histed's appeal of that Opinion and silence in the face of the Notice of Additional Authority, I infer that he does not dispute the finality of this judgment or its

---

[4] In his opinion, Judge Ludington recognized that the claims before him mirrored the claims the Histeds seek to assert here. *Id.* at *4.

preclusionary effect. Therefore, I conclude Judge Ludington's judgment bars any further litigation of Christopher Histed's counterclaims against Luckey and third-party claims against Ida. As such, I dismiss those claims and deny the motions to dismiss those claims as moot. (Doc. Nos. 12 and 32).

Because Defendant Histed Farms, LLC was not a party to the Eastern District of Michigan case, its claims are not subject to claim preclusion. Still, the facts and issues are the same as those considered by Judge Ludington. Therefore, I agree with Luckey and Ida's assertion that Judge Ludington's opinion has precedential value with respect to the nearly pending Motions to Dismiss. After reviewing Judge Ludington's opinion, I find his analysis thorough and well-reasoned. Accordingly, for the same reasons set forth by Judge Ludington, I grant Luckey and Ida's motions to dismiss the identical claims asserted by Histed Farms, LLC.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge